IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FRANK J. DUPREE, III,              Petitioner, v. LOUIS E. BRUCE, Warden, Hutchinson Correctional Facility, et al.              Respondents. | CIVIL ACTION No. 06-3224-KHV |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody (Doc. #1) filed August 10, 2006. After carefully considering the parties' briefs, the Court overrules petitioner's motion.

### Factual Background

On July 19, 2005, in the District Court of Sedgwick County, Kansas, petitioner pled no contest to four counts of burglary in violation of K.S.A. § 21-3715(a) in Case Number 05-CR-499 and one count of possessing cocaine in violation of K.S.A. § 65-4160(a) in Case Number 05-CR-1606. On August 12, 2005, the district court sentenced petitioner to 54 months in prison on the burglary charges and 40 consecutive months in prison on the cocaine possession charge.[1]

---

[1] Under the Kansas Sentencing Guidelines Act, K.S.A. § 21-4701 et seq., the district court considers prior convictions and determines a criminal history score, which is a letter designation along the horizontal axis of the statutory sentencing grid; the vertical axis of the grid indicates the severity of the crime. See State v. Ivory, 273 Kan. 44, 45, 41 P.3d 781, 782 (2002). The Kansas Sentencing Guidelines have a grid for drug offenses, see K.S.A. § 21-4705, and a grid for non-drug offenses, see K.S.A. § 21-4704. Except in limited circumstances, the Kansas Sentencing Guidelines require a sentencing judge to impose
(continued...)

On October 21, 2005, the Kansas Court of Appeals affirmed petitioner's sentences. The Kansas Court of Appeals held as follows:

> Dupree first contends the district court abused its discretion by denying his motion for a downward dispositional and/or durational sentencing departure. Because Dupree received presumptive sentences for his primary felony convictions, we are without jurisdiction to consider this issue. See K.S.A. 21-4721(c)(1).
>
> Dupree next contends the use of his prior criminal history, without putting it to a jury and proving it beyond a reasonable doubt, increased the maximum possible penalty for his primary convictions in violation of Apprendi v. New Jersey, 530 U.S. 466, 147 L.Ed.2d 435, 120 S.Ct. 2348 (2000). He also contends the district court erred by recognizing a prior juvenile adjudication for criminal history purposes in case No. 05CR1606. These issues have already been decided adversely to Dupree and are without merit. See State v. Ivory, 273 Kan. 44, 41 P.3d 781 (2002); State v. LaMunyon, 259 Kan. 54, 911 P.2d 151 (1996).

State v. Dupree, 135 P.3d 766, 2006 WL 1586030, at *1 (Kan. Ct. App. June 9, 2006). Petitioner did not appeal to the Kansas Supreme Court.

On August 10, 2006, petitioner filed his motion pursuant to 28 U.S.C. § 2254. Petitioner asserts that the District Court of Sedgwick County erred in calculating his criminal history score by the use of prior adult convictions and a juvenile adjudication without a jury finding beyond a reasonable doubt.

---

[1](...continued)
the "presumptive sentence" provided by the range on the relevant grid. K.S.A. § 21-4716(a).

In determining petitioner's sentence on the cocaine possession charge in Case No. 05-CR-1606, the district court calculated petitioner's criminal history score as "A" based on his prior adult criminal convictions and a juvenile adjudication. In determining petitioner's sentence on the burglary charges in Case No. 05-CR-499, the district court calculated petitioner's criminal history score as "C" based on his prior adult criminal convictions. In both cases, the district court sentenced defendant within the presumptive sentencing range.

## **Standards For Habeas Petitions Under 28 U.S.C. § 2254**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-32, 110 Stat. 1214, (codified in relevant part at 28 U.S.C. § 2254), governs the Court's review in this case. Under Section 2254, as amended by the AEDPA, the Court may not issue a writ of habeas corpus with respect to any claim which the state court adjudicated on the merits unless that adjudication resulted in a decision:

> (1) . . . that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) . . . that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Under the "contrary to" clause, the Court may issue a writ of habeas corpus only if (1) the state court arrived at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or (2) the state court decided the case differently than the Supreme Court on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, the Court may grant habeas relief if the state court "correctly identifie[d] the governing legal rule but applie[d] it unreasonably to the facts of a prisoner's case." Id. at 407-08. The Court may not issue a writ simply because it concludes, in its independent judgment, that the state court applied clearly established federal law erroneously or incorrectly; rather the application must be objectively unreasonable. Id. at 409-11.

## **Analysis**

### **I.    Procedural Default**

Petitioner claims that the rulings of the Sedgwick County District Court and the Kansas Supreme Court violate his rights under the Sixth and Fourteenth Amendments to the United States Constitution. The

Kansas Court of Appeals addressed petitioner's claim on direct appeal. See Dupree, 2006 WL 1586030, at *1. Petitioner did not seek review by the Kansas Supreme Court and a return to state court would be futile because the time for appeal has passed. See Watson v. New Mexico, 45 F.3d 385, 387 (10th Cir. 1995). Accordingly, petitioner has procedurally defaulted his claim. See O'Sullivan v. Boerckel, 526 U.S. 838, 844-47 (1999); Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Watson, 45 F.3d at 387; see also Dulin v. Cook, 957 F.2d 758, 759 (10th Cir. 1992) (failure to properly present claims in state court constitutes procedural default for purposes of federal habeas review).

The procedural default doctrine precludes federal habeas review of a claim that a state court has declined to consider due to petitioner's noncompliance with state procedural rules unless the petitioner can show (1) both cause and prejudice or (2) manifest injustice. Coleman, 501 U.S. at 749. To show cause for the default, petitioner must demonstrate that an objective, external impediment prevented him from timely filing his appeal to the Kansas Supreme Court. See Murray v. Carrier, 477 U.S. 478, 488 (1986). Petitioner offers no explanation for his failure to appeal and therefore cannot show cause for his default. Additionally, petitioner has not shown that a miscarriage of justice may result if the Court does not hear his claim. To make this showing, petitioner must demonstrate that a constitutional error has probably resulted in the conviction of one who is actually innocent. See Bousley v. United States, 523 U.S. 614, 623 (1998). Petitioner does not allege that he is actually innocent. For these reasons, petitioner has procedurally defaulted his claim.

**II.     Use Of Prior Adult Convictions And Juvenile Adjudications In Criminal History Score**

Even if petitioner had not procedurally defaulted his claim, the Court would overrule his petition on the merits. Petitioner argues that the rulings of the Sedgwick County District Court and the Kansas

Supreme Court violate his rights under the Sixth and Fourteenth Amendments to the United States Constitution. On direct appeal, the Kansas Court of Appeals held as follows:

> Dupree next contends the use of his prior criminal history, without putting it to a jury and proving it beyond a reasonable doubt, increased the maximum possible penalty for his primary convictions in violation of Apprendi v. New Jersey, 530 U.S. 466, 147 L.Ed.2d 435, 120 S.Ct. 2348 (2000). He also contends the district court erred by recognizing a prior juvenile adjudication for criminal history purposes in case No. 05CR1606. These issues have already been decided adversely to Dupree and are without merit. See State v. Ivory, 273 Kan. 44, 41 P.3d 781 (2002); State v. LaMunyon, 259 Kan. 54, 911 P.2d 151 (1996).

Dupree, 2006 WL 1586030, at *1. Petitioner argues that this ruling is contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. In particular, petitioner maintains that under Apprendi v. New Jersey, 530 U.S. 466 (2000), the state must charge in an indictment and prove to a jury the facts related to a prior adult convictions and juvenile adjudications.

Under the Kansas Sentencing Guidelines, criminal history is not an enhancement, but is built into the calculation of a presumptive sentence. State v. Ivory, 273 Kan. at 46, 41 P.3d at 782. In Almendarez-Torres v. United States, 523 U.S. 224 (1998), the Supreme Court created an explicit exception to Apprendi and its progeny by allowing a judge to determine a fact of prior conviction without violating a defendant's Sixth Amendment rights. United States v. Taylor, 413 F.3d 1146, 1158 n.5 (10th Cir. 2005), cert. denied, 127 S. Ct. 228 (2006). In Almendarez-Torres, the Supreme Court held that because recidivism "is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence," 523 U.S. at 243, and "as typical a sentencing factor as one might imagine," 523 U.S. at 230, the Constitution does not require the government to charge or prove to a jury either the existence

of prior convictions or certain facts related to those convictions such as their classification as "violent felonies." United States v. Moore, 401 F.3d 1220, 1221 (10th Cir. 2005); see United States v. Pineda-Rodriguez, 133 Fed. Appx. 455, 457-58 (10th Cir. May 4, 2005). Under Almendarez-Torres, a district court can make findings with respect to a defendant's criminal history, be they findings as to the fact of the prior convictions or the nature of those convictions. United States v. Williams, 410 F.3d 397, 402 (7th Cir. 2005); see Pineda-Rodriguez, 133 Fed. Appx. at 458-59.[2]  In sum, the state was not required to charge or prove to a jury the facts related to petitioner's prior adult convictions. See Moore, 401 F.3d at 1221.

As with petitioner's adult convictions, the state district court's use of petitioner's prior juvenile adjudication was neither contrary to, nor an unreasonable application of, clearly established United States Supreme Court precedent. Instead, the use of juvenile adjudications is consistent with Apprendi, Blakely, Booker and Almendarez-Torres. Boyd v. Newland, 467 F.3d 1139, 1152 (9th Cir. 2006); United States

---

[2]  In Shepard v. United States, 544 U.S. 13 (2005), the Supreme Court did not overrule Almendarez-Torres. Indeed, the Supreme Court has continued to note that Apprendi does not apply to the fact of prior convictions. See Cunningham v. California, --- U.S. ----, 127 S. Ct. 856, 864 (2007). In a concurring opinion in Shepard, Justice Thomas noted that Almendarez-Torres "has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that Almendarez-Torres was wrongly decided." Shepard, 544 U.S. at 28. Despite Justice Thomas' statement, the Court is bound to continue to follow Almendarez-Torres. See Moore, 401 F.3d at 1224. The Tenth Circuit has held that Shepard, United States v. Booker, 534 U.S. 220 (2005), Blakely v. Washington, 542 U.S. 296 (2004) and Apprendi have left Almendarez-Torres undisturbed. See Williams, 410 F.3d at 402; Moore, 401 F.3d at 1221, 1224; Pineda-Rodriguez, 133 Fed. Appx. at 458 n.5. Until the Supreme Court overrules Almendarez-Torres, the Court is bound to find that the exception in Apprendi based on Almendarez-Torres and extended to the guidelines in Booker remains good law. Moore, 401 F.3d at 1224; see United States v. Wilfong, --- F.3d ----, 2007 WL 355311, at *6 (10th Cir. Feb. 6, 2007); United States v. Chavez-Avila, No. 06-4169, 2007 WL 293530, at *1 (10th Cir. Feb. 2, 2007); United States v. Ocana-Rascon, No. 06-1217, 2006 WL 3530657, at *2 (10th Cir. Dec. 8, 2006).

v. Burge, 407 F.3d 1183, 1190 (11th Cir.), cert. denied, --- U.S.----, 126 S.Ct. 551 (2005); United States v. Jones, 332 F.3d 688, 696 (3d Cir. 2003), cert. denied, 540 U.S. 1150 (2004); United States v. Smalley, 294 F.3d 1030, 1032-33 (8th Cir. 2002), cert. denied, 537 U.S. 1114 (2003); Hobbs v. McKune, No. 06-3133-RDR, 2006 WL 3246772, at *4-5 (D. Kan. Nov. 8, 2006); Jones v. Roberts, No. 06-3100-SAC, 2006 WL 2989237, at *5 (D. Kan. Oct. 19, 2006); Hernandez v. Bruce, No. 05-3237-JAR, 2006 WL 314352, at *3-4 (D. Kan. Jan. 26, 2006).[3]

In sum, petitioner has procedurally defaulted his claim and his claim lacks substantive merit. Accordingly, the Court overrules petitioner's petition for a writ of habeas corpus.

**IT IS THEREFORE ORDERED** that petitioner's Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody (Doc. #1) filed August 10, 2006 be and hereby is **OVERRULED**.

---

[3] Initially, the Ninth Circuit held that juvenile adjudications which do not afford the right to a jury trial and a beyond-a-reasonable-doubt burden of proof do not fall within Apprendi's "prior conviction" exception. See United States v. Tighe, 266 F.3d 1187, 1194 (9th Cir. 2001). Recently, however, the Ninth Circuit held in the context of a state habeas petition as follows:

> Although we are not suggesting Tighe was incorrectly decided, as some of these varying interpretations of Apprendi suggest, the opinion does not represent clearly established federal law "as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). . . . [I]n the face of authority directly contrary to Tighe, and in the absence of explicit direction from the Supreme Court, we cannot hold that the California courts' use of petitioner's juvenile adjudication as a sentencing enhancement was contrary to, or involved an unreasonable application of, Supreme Court precedent.

Boyd, 467 F.3d at 1152.

Dated this 23rd day of February, 2007, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
